IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**TONY GIVENS,**

    **Plaintiff,**

**v.**                                    **Case No. 2:06-cv-00392**

**STATE OF WEST VIRGINIA,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff filed a Complaint (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1) on May 23, 2006, and an Amended Complaint (# 5) on June 13, 2006.  Pending are the following motions: the State of West Virginia's Motion to Dismiss Complaint (# 6), Plaintiff's Motions for Injunctive Relief and a Temporary Restraining Order (## 11 and 13), Plaintiff's Motion for Summary Judgment (# 16), and  Plaintiff's Supplemental Motion for Injunctive Relief (# 17).  This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

As will be set forth more fully below, Plaintiff's instant complaints and motions concern his conviction, in 1997-98, on a charge of driving under the influence ("DUI") and the related administrative revocation of his driver's license by the West

Virginia Division of Motor Vehicles ("DMV").  It appears that Plaintiff's driver's license was suspended for a period of six months, because this was a first-offense DUI charge, and noone was injured or killed as a result of the offense.  <u>See</u> W. Va. Code § 17C-5A-2(i).  However, under W. Va. Code § 17C-5A-3, Plaintiff was required to complete a safety and treatment program prior to the re-issuance of his license.  Upon information and belief, Plaintiff has never completed the requirements to have his license reinstated.

Rather, Plaintiff has filed numerous petitions and civil complaints in the Circuit Courts of Marion and Kanawha Counties, the Supreme Court of Appeals of West Virginia, the West Virginia Court of Claims, the United States District Courts for the Northern and Southern Districts of West Virginia, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme Court, all arising out of his contention that his DUI conviction and the revocation of his driver's license were fraudulent or unconstitutional.  Furthermore, as is also set forth more fully below, Plaintiff has continued to break the law by driving on a suspended or revoked license.  He was recently convicted on such a charge in Marion County.  (Case No. 05-M-272, Marion Co. Cir. Ct.)

Rather than complete the necessary steps to have his license reinstated, Plaintiff has elected to waste valuable judicial time and resources by repeatedly filing clearly frivolous claims.  This

case is no exception.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's present complaints and motions are incomprehensible, ambiguous, and vague. However, based upon a review of some of the documentation attached to Plaintiff's filings, as well as docket sheets and orders from the United States District Court for the Northern District of West Virginia and this district, the Circuit Courts of Marion and Kanawha Counties, the Supreme Court of Appeals of West Virginia, and the West Virginia Court of Claims, the undersigned has been able to piece together the following procedural history:

On October 4, 1997, Plaintiff was arrested and charged with driving under the influence ("DUI"), reckless driving, and driving without insurance in Marion County, West Virginia. On or about October 8, 1997, the DMV revoked Plaintiff's driver's license. Apparently, Plaintiff did not make a timely request for an administrative hearing. (See W. Va. Code §§ 17C-5A-1a(c) ad 17C-5A-2(i)). Upon information and belief, Plaintiff has never taken the affirmative steps necessary to have his license reinstated. (See W. Va. Code § 17C-5A-3).

On or about January 15, 1998, Plaintiff was convicted of the DUI charge and sentenced by the Fairmont Municipal Court to time served, and ordered to pay a fine and court costs. The other charges were dismissed on January 21, 1998.

Plaintiff appealed his DUI conviction to the Circuit Court of Marion County, where he had a jury trial, <u>de novo</u>, and was found guilty of first offense DUI on April 1, 1998. On June 18, 1998, Plaintiff was sentenced to time served, and ordered to pay a fine and court costs.

On or about August 14, 1998, Plaintiff filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"). The Petition for Appeal was refused on or about November 23, 1998.

On December 3, 1998, the Circuit Court of Marion County granted Plaintiff's petition for a writ of habeas corpus, to the extent that it permitted Plaintiff's appointed counsel to file an amended petition and ordered that an omnibus habeas corpus proceeding be conducted. (<u>Givens v. City of Fairmont</u>, Case No. 98-MAP-4-M). (<u>See</u> <u>Givens v. State of W. Va.</u>, 2:03-cv-02267, docket sheet document # 2, at 11-14). Plaintiff's counsel filed an amended petition on December 30, 1998. An order denying the amended petition for a writ of habeas corpus was entered on April 27, 1999.

It appears, from a review of the docket sheet in <u>Givens v. City of Fairmont</u>, 98-MAP-4-M, that Plaintiff filed at least one other petition for a writ of habeas corpus, and numerous other petitions and motions, all of which have been denied.

On August 1, 2000, Plaintiff filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of West Virginia, which was also denied. (In re Tony Givens, Case No. 1:00-cv-00132-IMK). In addition to his federal habeas corpus petition, Plaintiff has filed at least four other pro se civil actions in the United States District Court for the Northern District of West Virginia concerning issues related to his DUI prosecution and license revocation.[1] All of those matters have been dismissed, and Plaintiff has been enjoined from filing any other pro se civil actions related to his DUI conviction in any point of holding court in the Northern District of West Virginia. (See Givens v. West, et al., 1:03-cv-00042-IMK, Order entered on April 25, 2003, docket entry # 4).

Sometime in 2001, Plaintiff filed a claim against the DMV in the West Virginia Court of Claims (Claim No. CC-01-059). The DMV, by counsel, filed a Motion to Dismiss that claim on the basis that there was liability insurance coverage for Plaintiff's claim, and therefore, Plaintiff's claim, if any, must be brought in circuit court. On October 3, 2001, that Court of Claims action was dismissed for lack of subject matter jurisdiction. In 2003,

---

[1] Those matters are: Givens v. City of Fairmont, Case No. 1:99-cv-00068-IMK, Givens v. State of West Virginia, 1:00-cv-00096-IMK, Givens v. United States of America, 1:00-cv-00112-IMK, and Givens v. West, et al., 1:03-cv-00042-IMK.

Plaintiff filed a second claim in the Court of Claims, which was also dismissed for lack of subject matter jurisdiction due to the State's liability insurance coverage. (Claim No. CC-03-149, dismissed by Order entered on October 9, 2003).

On October 20, 2003, Plaintiff filed a civil complaint against the State of West Virginia, the Attorney General, and attorney Robert D. Williams, in the United States District Court for the Southern District of West Virginia, seeking $ 1 million in damages for the improper revocation of his driver's license, based upon an allegedly "false police report." (Givens v. State of W. Va., Case No. 2:03-cv-02267). That matter was dismissed by the Honorable Joseph R. Goodwin, United States District Judge, on the basis that Plaintiff could not seek damages for an allegedly unconstitutional conviction without first demonstrating that his conviction had been overturned or declared to be invalid. That decision was affirmed by the United States Court of Appeals for the Fourth Circuit on March 18, 2004 (Givens v. State of West Virginia, No. 04-1063, 90 Fed. Appx. 39, 2004 WL 542261 (4th Cir., Mar. 18, 2004), and Plaintiff's petition for a writ of certiorari in the United States Supreme Court was subsequently denied. (Givens v. State of West Virginia, No. 04-5792, 543 U.S. 911 (Oct. 4, 2004).

On December 2, 2003, Plaintiff filed a claim for award under the West Virginia Court of Claims West Virginia Crime Victims Compensation Fund. That claim was dismissed on June 25, 2004.

According to the order dismissing the Crime Victims Compensation claim, Plaintiff was asserting that the City of Fairmont had concealed from the DMV information about the two charges against him that had been dismissed, which he believed resulted in the DMV's refusal to reinstate his license.

Plaintiff filed the instant Complaint against the State of West Virginia[2] on May 23, 2006.  The Complaint, which is virtually incomprehensible, cites to various state and federal statutes, and ultimately requests that "the State remove the fraudulent DUI 1st offen[s]e from my license # E933860 unconstitutionally obtained in violation of the Hobbs Act 19 USC section 1951."  (# 2-1 at 3).  On June 13, 2006, Plaintiff filed a document, construed by the court as an Amended Complaint, which seeks identical relief.  (# 5).

On June 15, 2006, Plaintiff filed additional documents in support of his Amended Complaint, which appear to be copies of documents filed in a civil action for a petition for a writ of mandamus filed in the Circuit Court of Marion County.  (Givens v. Manchin, Case No. 06-P-11).  In that action, Plaintiff sought the return of his driver's license and a monetary judgment in the amount of $999,990.  That case was dismissed with prejudice by the Circuit Court of Marion County on June 7, 2006.  (# 7 at 13-15, Ex. C).

---

[2]  Plaintiff's Complaint lists the defendant(s) as "State of West Virginia et al."  However, nowhere in Plaintiff's Complaint or Amended Complaint, does he specifically identify any other persons or entities as defendants.

On June 13, 2006, although Plaintiff's Application to Proceed Without Prepayment of Fees (# 1) had not been ruled on, and service of process had not been ordered, Charles R. Bailey and Ryan J. Flanigan, of the law firm of Bailey & Wyant, filed a Motion to Dismiss the instant civil complaint on behalf of the State of West Virginia. (# 7). In the Motion to Dismiss, counsel for defendant asserts that the instant civil complaint is almost identical to the Complaint or Petition filed in Case No. 06-P-11 in the Circuit Court of Marion County, which had been dismissed with prejudice. The defendant's motion further asserts that the instant Complaint fails to state a claim upon which relief can be granted, that the State is immune from liability, and that the Complaint was not properly served upon the defendant. (Id.)

On June 26, 2006, Plaintiff filed a Motion for Injunctive Relief (# 11). The motion seeks:

> an injunction directed to the West Virginia DMV [] and prosecuting Attorney Pat Wilson of Marion County in the State of West Virginia to stop the further prosecution of driving while license was suspended for DUI pending the final disposition of Givens v. State of West Virginia et al 2:06-cv-0392 which is the instrument being used by the Fairmont Police Department to intimidate me. Because the DUI was found to be a Fraud by Circuit Court, and the West Virginia Court of Claims. And the United States Attorney Office Northern District. <u>It is illegal to knowingly perpetrate a Fraud on the Court. In State of West Virginia v. Tony Givens the Prosecution has prevented me from presenting any evidence or witnesses in my favor And dismissed my witnesses and presented to the Court the fraudulent DUI again!</u> This proceeding affects the very property in question my driver's license and US Code 29 sec 2361 gives this Court the power to protect my property and my claim signed by AIG in West Virginia

    Court of Claim[s].
(# 11 at 1).  Plaintiff filed a nearly identical Motion for Injunctive Relief and Temporary Restraining Order on July 11, 2006. (# 13).  That motion further indicates that Plaintiff was arrested on February 25, 2005, for, <u>inter alia</u>, driving on a suspended or revoked license.  Plaintiff's motion further asserts that he was not timely tried on that charge.  Upon information and belief, Plaintiff was found guilty of that charge by a jury in Marion County on Jun 23, 2006.  (Case No. 05-M-272, Marion Co. Cir. Ct.) Plaintiff was sentenced to serve six months in jail and was assessed a fine and costs.  That sentence is stayed pending Plaintiff's appeal.

    On July 20, 2006, Plaintiff filed an "Affidavit in Support of Summary Judgment" (# 14), although at that time, no Motion for Summary Judgment was pending.  However, on July 31, 2006, Plaintiff filed a Motion for Summary Judgment.  (# 16).  The Motion for Summary Judgment offers no facts and makes no cogent legal argument.

    On July 25, 2006, counsel for Defendant filed a Response to Plaintiff's Motion for Injunctive Relief and Temporary Restraining Order (# 15), asserting that Plaintiff's motion is vague and ambiguous and provides no basis for injunctive relief.

    On July 31, 2006, Plaintiff filed a Supplemental Motion for Injunctive Relief (# 17).  The supplement states in pertinent part:

>   Comes now the plaintiff to move this honorable court for an injunction directed to the State of West Virginia to prevent the further intimidation by the Fairmont Police Dept. and retaliation in a Magistrate Court of Marion County case # 05-M-272 because of me reporting crime to Government the violation of U.S. Code 18 section 1512 [Tampering with a witness, victim or informant] . . . .

(# 17 at 1). On August 3, 2006, Plaintiff paid the $350 filing fee. On August 11, 2006, Plaintiff filed a document entitled "Motion to Enjoin Bailey & Wyant Law Firm as Co-Defendant" (# 21). On August 15, 2006, Plaintiff filed additional documentation in support of his Complaint (# 22).

### STANDARD OF REVIEW

Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "For purposes of a motion to dismiss, the Complaint must be construed in a light most favorable to the plaintiff and its allegations taken as true. Only when it appears that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief should the motion be granted." Brock & Davis Co. v. Charleston Nat'l Bank, 443 F. Supp. 1175 (S.D. W. Va. 1977).

### ANALYSIS

Despite the volume of paper filed by Plaintiff and the vague nature of the majority of Plaintiff's allegations, several things are clear. First, to the extent that Plaintiff is seeking relief from his conviction for first offense DUI in Marion County, this court lacks jurisdiction to consider that claim. Fairmont is

10

located in Marion County, which is located within the jurisdiction of the United States District Court for the Northern District of West Virginia. Thus, it is that court which has jurisdiction over such claims.

However, Plaintiff has been enjoined from filing any matters concerning his DUI conviction in that court, unless he is represented by counsel or receives prior permission to file a claim. It is apparent that Plaintiff has filed the instant civil action in this court because he cannot file it in the Northern District. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks jurisdiction over Plaintiff's claim seeking the removal of his first offense DUI conviction.

Second, even if this court had jurisdiction over Plaintiff's claim, he has failed to state a claim upon which relief can be granted. As stated in the judgment order dismissing the prior Complaint filed by Plaintiff in this court, which was affirmed by the Court of Appeals, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512

11

U.S. 477 (1994).

Plaintiff has not demonstrated any of these things. His DUI conviction was upheld on direct appeal and in his state and federal habeas corpus proceedings related thereto.

To the extent that Plaintiff has asserted that the Court of Claims, or the United States Attorney's Office in the Northern District of West Virginia, or the FBI, or some other entity has found that some sort of fraud has occurred in relation to Plaintiff's conviction, or that he was a "victim," the undersigned believes that Plaintiff has misinterpreted the results of, or the language used in some of Plaintiff's legal proceedings. The Court of Claims did not find that Plaintiff was a victim entitled to compensation under its Crime Victims Compensation Fund. Rather, the presiding judge simply remarked that Plaintiff was a "victim of bureaucracy," indicating that he was required to follow the proper administrative procedures in order to have his driver's license reinstated. Furthermore, the Court of Claims dismissed Plaintiff's claims on the basis that, if there were any liability on the part of the State of West Virginia, such liability would be covered by the State's insurance policy. The Court of Claims did not state that Plaintiff had proven any liability.

In short, not one state or federal tribunal has invalidated Plaintiff's DUI conviction, or even called into question the validity of Plaintiff's DUI conviction, or his subsequent conviction for driving on a suspended or revoked license. The

undersigned proposes that the presiding District Judge **FIND** that, under the authority of Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff has not demonstrated the prerequisite of an invalidated or overturned conviction in order to bring a section 1983 claim based upon his DUI conviction.

Furthermore, the undersigned proposes that the presiding District Judge **FIND**, as noted by the Defendant in its Motion to Dismiss, that the State of West Virginia, its agencies and its officers are constitutionally immune from suit. See W.V. CONST. ART. VI, § 35; Kondos v. W. Va. Bd. of Regents, 318 F. Supp. 394, 396 (S.D. W. Va. 1970).

Finally, to the extent that Plaintiff has alleged throughout his documents that the officer(s) who arrested him, or Marion County officials, or state officials, have committed crimes under federal or state statutes, Plaintiff may not seek relief from this court on such matters. It is the province of state or federal prosecutors to bring criminal charges, and this court may not grant civil relief on that basis.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint and Amended Complaint fail to state a claim upon which relief can be granted, and that Plaintiff has failed to demonstrate that he is entitled to injunctive relief or a temporary restraining order. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss (# 6) for

failure to state a claim upon which relief can be granted, **DISMISS** Plaintiff's Complaint (# 2) and Amended Complaint (# 5) for lack of jurisdiction and failure to state a claim upon which relief can be granted, and **DENY** all other pending motions.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

<u>August 17, 2006</u>  
      Date

Mary E. Stanley  
United States Magistrate Judge